UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DALONDA STROBLE,

                              PLAINTIFF,          **COMPLAINT**

            -AGAINST-                                      16-CV-5144

NEW YORK CITY, SERGEANT JOHN DOE,
individually, and in his capacity as a member of the New
York City Police Department,

                              DEFENDANTS.


------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Ms. Dalonda Stroble ("Ms. Stroble"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about March 27, 2016, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Stroble to *inter alia* excessive force and false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Ms. Stroble, is a United States citizen and at all times here relevant resided at 101 West 165th Street, Apartment 3C, Bronx, NY 10452.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Sergeant John Doe ("Sgt. John Doe") at all times here relevant was a member of the NYPD and is sued in his individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Stroble is 23-years-old and works at Montefiore Hospital in Mount Vernon, New York.

11. On or about March 27, 2016, at approximately 1:00 am, Ms. Stroble was outside her home on West 165th Street in the Bronx.

12. Ms. Stroble's neighbors were having a party.

13. Without warning, Sgt. John Doe shot Ms. Stroble in the face with a taser gun.

14. The needle of the taser gun stuck into Ms. Stroble's right cheek.

15. The needle started to vibrate and Ms. Stroble passed out.

16. When Ms. Stroble regained consciousness she was lying on the floor.

17. Ms. Stroble was in great pain and in shock.

18. The needle of the taser gun was still stuck in Ms. Stroble's right cheek.

19. Ms. Stroble was taken by ambulance to Lincoln hospital.

20. Eventually the needle of the taser gun was removed from Ms. Stroble's right cheek.

21. Ms. Stroble continues to feel traumatized by the events of March 27, 2016, and is wary and fearful when she sees police officers.

22. Ms. Stroble suffered physical injuries as a result of the incident.

23. Ms. Stroble has suffered a great deal following the incident and continues to feel loss of liberty, fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

24. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

25. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

26. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

27. Defendants confined Plaintiff.

28. Plaintiff was aware of, and did not consent to, her confinement.

29. The confinement was not privileged.

30. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

31. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

32. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

33. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

34. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;

Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 29, 2016

By: _____/s/_____
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075